1UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICHARD VONZELL HAWES,<br>TDCJ No. 02313090, | § <br> § <br> § | |
| **Petitioner,** | § <br> § <br> § | |
| VS. | § <br> § | CIVIL NO. SA-22-CA-01219-FB |
| BOBBY LUMPKIN, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division, | § <br> § <br> § <br> § <br> § | |
| **Respondent.** | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is petitioner Richard Vonzell Hawes's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  (ECF No. 1).  In the § 2254 petition, petitioner challenges the constitutionality of his 2020 state court burglary conviction, arguing that his trial counsel provided ineffective assistance.  Also before the Court are respondent Bobby Lumpkin's Answer (ECF No. 9) and petitioner's Reply (ECF No. 14) thereto.

Having reviewed the record and pleadings submitted by both parties, the Court concludes petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  *See* 28 U.S.C. § 2254(d).  Petitioner is also denied a certificate of appealability.

### I.  Background

In March 2020, petitioner was convicted in Bexar County, Texas, of one count of burglary of a habitation with intent to commit assault and sentenced to fifteen years of imprisonment.  *State v. Hawes*, No. 2019CR10079 (290th Dist. Ct., Bexar Cnty., Tex. Mar. 11, 2020);  (ECF No. 10-5

at 36-37).[1]  The Texas Thirteenth Court of Appeals affirmed his conviction on direct appeal. *Hawes*

*v. State*, No. 13-20-00183-CR, 2021 WL 2584396 (Tex. App.—Corpus Christi-Edinburg, June 24,

2021); (ECF No. 10-9).  Petitioner did not file a petition for discretionary review with the Texas

Court of Criminal Appeals despite being granted an extension of time to file one by September 24,

2021.  (ECF No. 10-17).[2]

Instead, petitioner challenged the constitutionality of his burglary conviction by filing an

application for state habeas corpus relief. *Ex parte Hawes*, No. 93,852-01 (Tex. Crim. App.); (ECF

No. 10-19 at 4-22).  The Texas Court of Criminal Appeals ultimately denied the application without

written order on June 29, 2022, based, in part, on the findings of the trial court.  (ECF No. 10-20).

Petitioner initiated the instant proceedings by filing a petition for federal habeas corpus relief

on November 1, 2022.  (ECF No. 1 at 10).  In the petition, petitioner argues that his trial counsel

rendered ineffective assistance by: (1) failing to obtain or present a recording of a jail visit the

complainant made to petitioner following his arrest, (2) failing to impeach a witness with an arrest

report, and (3)  either concealing or destroying a copy of the complainant's jail visit so that petitioner

could not provide it during his state habeas proceedings.  *Id*. at 6-7.

## II.  Standard of Review

Petitioner's federal habeas petition is governed by the heightened standard of review

provided by the AEDPA.  28 U.S.C.A. § 2254.  Under § 2254(d), a petitioner may not obtain federal

habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless

---

[1]    At the same trial, petitioner was also found guilty of two counts of aggravated assault with a deadly weapon and sentenced to fifteen years of imprisonment for each offense, with all of the sentences to run concurrently. *State v. Hawes*, No. 2019CR10080 (290th Dist. Ct., Bexar Cnty., Tex. Mar. 11, 2020);  (ECF No. 10-6 at 32-35).  However, petitioner does not challenge the constitutionality of the assault convictions in the instant proceeding.

[2]    *See also* http://www.search.txcourts.gov, search for "Hawes, Richard" last visited June 12, 2024.

the adjudication of that claim either:  (1) resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established federal law, as determined by the Supreme Court of

the United States, or (2) resulted in a decision that was based on an unreasonable determination of

the facts in light of the evidence presented in the state court proceeding.  *Brown v. Payton*, 544 U.S.

133, 141 (2005).  This intentionally difficult standard stops just short of imposing a complete bar on

federal court relitigation of claims already rejected in state proceedings.  *Harrington v. Richter*, 562

U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than

subjective, with a focus on whether the state court's application of clearly established federal law

was "objectively unreasonable" and not whether it was incorrect or erroneous.  *McDaniel v. Brown*,

558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003).  Even a strong case for relief

does not mean the state court's contrary conclusion was unreasonable, regardless of whether the

federal habeas court would have reached a different conclusion itself.  *Richter*, 562 U.S. at 102.

Instead, a petitioner must show that the decision was objectively unreasonable, which is a

"substantially higher threshold."  *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007); *Lockyer v.

Andrade*, 538 U.S. 63, 75-76 (2003).

So long as "fairminded jurists could disagree" on the correctness of the state court's decision,

a state court's determination that a claim lacks merit precludes federal habeas relief.  *Richter*, 562

U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  In other words, to obtain

federal habeas relief on a claim previously adjudicated on the merits in state court, petitioner must

show that the state court's ruling "was so lacking in justification that there was an error well

understood and comprehended in existing law beyond any possibility for fairminded disagreement."

*Id*. at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

### III.  Analysis

#### A.    Exhaustion and Procedural Default (Claim 3)

Petitioner raises three ineffective-assistance-of-trial-counsel (IATC) claims arguing that his trial counsel's performance violated his Sixth Amendment right to counsel.  In his third allegation, petitioner contends that counsel either concealed or destroyed a recording of the complainant's jail visit to petitioner following his arrest.  In response, respondent contends that this allegation is unexhausted and procedurally barred from federal habeas corpus relief because petitioner did not raise it during his direct appeal or state habeas proceedings.  Respondent is correct.

Before seeking review in federal court, a habeas corpus petitioner must first present his claims in state court and exhaust all state court remedies through proper adjudication on the merits. *See* 28 U.S.C. § 2254(b)(1)(A) (stating that habeas corpus relief may not be granted "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State.").  The exhaustion requirement is satisfied if the substance of the federal habeas claim was presented to the highest state court in a procedurally proper manner.  *Baldwin v. Reese*, 541 U.S. 27, 29-32 (2004); *Moore v. Cain*, 298 F.3d 361, 364 (5th Cir. 2002).  In Texas, the highest state court for criminal matters is the Texas Court of Criminal Appeals, and a prisoner must present the substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or an application for writ of habeas corpus under Texas Code of Criminal Procedure Article 11.07. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); *Bautista v. McCotter,* 793 F.2d 109, 110 (5th Cir. 1986).

In this case, the record confirms that petitioner did not properly present this IATC allegation to Texas Court of Criminal Appeals in either a state habeas corpus application or his petition for discretionary review. Although petitioner alleged in his state habeas application that counsel failed to obtain or present the jail recording during trial (Claim 1), petitioner made no mention of his belief that counsel concealed or destroyed the recording so that it could not be used in post-conviction review. Because this allegation (Claim 3) is being presented for the first time in this federal habeas proceeding, it is unexhausted under § 2254(b).

Further, should this Court now require petitioner to return to state court to satisfy the exhaustion requirement, the Texas Court of Criminal Appeals would find the claim procedurally barred under the abuse of the writ doctrine found in Article 11.07 § 4 of the Texas Code of Criminal Procedure because petitioner already challenged his conviction in a previous state habeas application. Because Texas would likely bar another habeas corpus application by petitioner regarding this conviction, he has committed a procedural default that is sufficient to bar federal habeas corpus review. *See Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997) (finding a procedural default occurs "when a prisoner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.") (citation and internal quotation marks omitted); *see also Bagwell v. Dretke*, 372 F.3d 748, 755-56 (5th Cir. 2004) (holding a petitioner procedurally defaulted by failing to "fairly present" a claim to the state courts in his state habeas corpus application); *Smith v. Cockrell*, 311 F.3d 661, 684 (5th Cir. 2002) (holding unexhausted claims were procedurally barred); *Jones v. Johnson*, 171 F.3d 270, 276-77 (5th Cir. 1999) (same).

Consequently, petitioner is precluded from federal habeas relief on Claim 3 unless he can show cause for the default and resulting prejudice, or demonstrate that the Court's failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Busby v. Dretke,* 359 F.3d 708, 718 (5th Cir. 2004). But petitioner does not argue that cause and prejudice should excuse the default, nor does he demonstrate that the Court's denial of the claims will result in a "fundamental miscarriage of justice." Thus, circuit precedent compels the denial of petitioner's unexhausted claim as procedurally defaulted.[3]

**B.    The Remaining IATC Claims**

Petitioner raises two more allegations that he was denied the right to effective assistance of counsel by his attorney at trial, Anton Hajek. Both allegations were raised during petitioner's state habeas proceedings and rejected by the Texas Court of Criminal Appeals. As discussed below, petitioner fails to demonstrate the state court's rejection of the allegations was either contrary to, or an unreasonable application of, Supreme Court precedent.

1.    The *Strickland* Standard

Sixth Amendment IATC claims are reviewed under the familiar two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner cannot establish a violation of his Sixth Amendment right to counsel unless he demonstrates (1) counsel's performance was deficient and (2) this deficiency prejudiced his defense. *Strickland*, 466 U.S. at

---

[3]    Out of an abundance of caution, the Court also notes that petitioner's allegation that counsel allegedly "concealed" or "destroyed" the jail recording is conclusory, speculative, and unsupported by any evidence or facts. *See United States v. Demik*, 489 F.3d 644, 646 (5th Cir. 2007) ("[C]onclusory allegations are insufficient to raise cognizable claims of ineffective assistance of counsel.") (quoting *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000)). Moreover, as discussed in the next section, petitioner fails to demonstrate that the recording would have been helpful to his defense. Thus, petitioner would not be entitled to federal habeas relief on Claim 3, regardless of whether the claim is procedurally defaulted.

687-88, 690.  According to the Supreme Court, "[s]urmounting *Strickland*'s high bar is never an easy task."  *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

When determining whether counsel performed deficiently, courts "must be highly deferential" to counsel's conduct, and a petitioner must show that counsel's performance fell beyond the bounds of prevailing objective professional standards.  *Strickland,* 466 U.S. at 687-89.  Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  *Burt v. Titlow*, 571 U.S. 12, 22 (2013) (quoting *Strickland*, 466 U.S. at 690).  To demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  Under this prong, the "likelihood of a different result must be substantial, not just conceivable."  *Richter*, 562 U.S. at 112.  A habeas petitioner has the burden of proving both prongs of the *Strickland* test.  *Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

Finally, IATC claims are considered mixed questions of law and fact and are analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1).  *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010).  Where, as here, the state court adjudicated the IATC claims on the merits, a court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d).  *See Woods v. Etherton*, 578 U.S. 113, 117 (2016) (citing *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)); *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009).  In such cases, the "pivotal question" is not "whether defense counsel's performance fell below *Strickland*'s standards," but whether "the state court's application of the *Strickland* standard was unreasonable."  *Richter*, 562 U.S at 101.  That is to say, the question to be asked in this case is not whether counsel's actions were

reasonable, but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*. at 105.

### 2. Failure to Present Evidence (Claim 1)

Petitioner first contends that one of the complainants in this case, Amanda Otero, visited him in jail following his arrest and that their conversation was recorded. Petitioner alleges that counsel failed to obtain a copy of this recording and present it as evidence in his defense. According to petitioner, Ms. Otero made statements during the jail visit that could have shed light on his involvement in the burglary and could have been used to impeach Ms. Otero's testimony.

Petitioner raised this allegation during his state habeas proceedings. In response, trial counsel submitted an affidavit wherein he addressed petitioner's assertions:

> [Petitioner] is correct that I did not introduce a jail visit recording with Amanda Otero. I had the court appoint a talented investigator who obtained the recording. We both listened to the recording and concluded it would not aid his defense. Nor would any statement have helped his case. I did possess a copy of the audio. It was not exculpatory. It was not used at trial as it would not help [Petitioner]'s defense. Had this evidence been admitted I am certain it would have not changed the result of the trial.
>
> I am not obligated to tell the Court *ex parte* I had any evidence.
>
> If Ms. Otero changed some context of her testimony while on the stand [Petitioner] is non-specific as to what were the changes, if any, as well as any affect there would have been on the outcome of trial.

(ECF No. 10-19 at 59). The investigator, Cindy Fisher, also submitted an affidavit stating that no exculpatory information was contained in the recording. *Id*. at 61.

The state habeas trial court found trial counsel's affidavit "credible and truthful" and concluded that petitioner failed to establish that counsel was ineffective under the *Strickland* standard. *Id*. at 62-68. These findings and conclusions were adopted by the Texas Court of

Criminal Appeals when it denied Petitioner's state habeas application. (ECF No. 10-20). Such determinations, including the trial court's credibility findings and implied finding that counsel's choices were strategic, are entitled to a presumption of correctness unless they lack fair support in the record. *Miller v. Thaler*, 714 F.3d 897, 903 (5th Cir. 2013).

Petitioner fails to show that the state court's ruling on trial counsel's investigation and strategy was contrary to, or involved an unreasonable application of *Strickland* or that it was an unreasonable determination of the facts based on the evidence in the record. *Strickland*'s first prong to demonstrating an IATC claim "sets a high bar." *Buck v. Davis*, 580 U.S. 100, 118 (2017). Indeed, trial counsel generally have broad discretion when it comes to deciding how best to proceed strategically. *Strickland*, 466 U.S. at 673; *Ward v. Stephens*, 777 F.3d 250, 264 (5th Cir. 2015) (noting the Supreme Court has emphasized counsel has "wide latitude in deciding how best to represent a client."). This wide latitude given to trial counsel includes the discretion to determine how best to utilize limited investigative resources available. *Richter*, 562 U.S. at 107 ("Counsel was entitled to formulate a strategy that was reasonable at the time and to balance limited resources in accord with effective trial tactics and strategies."). It also means that while counsel is required to undertake a reasonable investigation, counsel's choice of a defense and his strategy in arguing that defense to a jury are "virtually unchallengeable." *Strickland*, 466 U.S. at 690; *Trottie v. Stephens*, 720 F.3d 231, 243 (5th Cir. 2011) (holding the failure to present a particular line of argument is presumed to be the result of strategic choice).

In this case, trial counsel's affidavit—adopted by the state habeas court and ultimately by the Texas Court of Criminal Appeals—explained that he did not present the jail recording of Ms. Otero because it was not exculpatory and ultimately would not aid the defense. This explanation was

confirmed by the affidavit of counsel's investigator, who similarly found nothing exculpatory in the recording.  Petitioner has not pointed to any evidence rebutting counsel's assertions, much less demonstrated that state court's ruling on trial counsel's investigation and strategy "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.  As a result, petitioner has not shown counsel's performance was deficient or that the state court's denial of this claim was an unreasonable application of *Strickland*.

        3.       <u>Failure to Impeach</u> (Claim 2)

During the guilt phase of trial, Raeshane Wilson testified that he had been Amanda Otero's live-in boyfriend and was present at the time of the offense.  (ECF No. 10-2 at 36).  Mr. Wilson corroborated Ms. Otero's testimony that petitioner and an unidentified female forcefully entered Amanda Otero's apartment and assaulted the couple.  *Id*. at 38-43.  According to petitioner, Raeshane Wilson had a history of assaulting Ms. Otero and had been charged with assault in a separate incident following petitioner's arrest.  Petitioner faults trial counsel for failing to impeach Mr. Wilson with an arrest report from this alleged incident.

Similar to the previous allegation, petitioner raised this claim for relief during his state habeas proceedings.  In response, trial counsel stated the following in his affidavit:

> Raeshane Wilson appeared for trial in Bexar County Jail inmate clothes as did [petitioner].  I think the victim and defendant both being in jail clothes made the required impression on an experienced Judge: prior record(s), heinous current accusation(s), or both.  I don't recall if I or the State brought up the record which were mostly arrests.  I impeach with convictions.  Raeshane had two felony arrests after the trial and a different case no billed.  Raeshane had 2019CR12905 dismissed. He had three other misdemeanors: Interference with a phone 08-26-2019 disposed 8/18/2021, Assault married 7-24-2019 disp 11/4/2019; Criminal Trespass 4/22/2019 disposed 5/14/2019.  None of these cases are related to prove Raeshane's lying if it

happened, or were suitable to impeach her [sic] credibility.  My letter to him on March 26, 2020 plainly spelled out the lack of language he wanted.

As to Raeshane, [petitioner] assumes that I had a copy of a report from Raeshane's case and that Raeshane had been convicted and that the report would have been favorable to [petitioner].  Reports are seldom admitted into evidence.  I did not possess any report.

(ECF No. 10-19 at 59-60).  Again, the state habeas court found counsel's statement credible and the Texas Court of Criminal Appeals denied relief on the findings of the trial court.  The state habeas court's factual determinations, including credibility findings, are entitled to a presumption of correctness.  *Richards v. Quarterman*, 566 F.3d 553, 563-64 (5th Cir. 2009).

Petitioner fails to show that the state court's ruling was contrary to or involved an unreasonable application of *Strickland*.  Trial counsel generally have broad discretion when it comes to deciding how best to proceed strategically, and such choices, made after a thorough investigation of the law and facts relevant to plausible options, are virtually unchallengeable.  *Strickland*, 466 U.S. at 673; *Ward v. Stephens*, 777 F.3d 250, 264 (5th Cir. 2015) (noting the Supreme Court has emphasized counsel has "wide latitude in deciding how best to represent a client.").  Moreover, counsel's performance cannot be considered deficient or prejudicial if counsel fails to raise a non-meritorious argument.  *See Miller*, 714 F.3d at 904 n.6 (counsel is not required to make futile motions or objections); *Roberts v. Thaler*, 681 F.3d 597, 612 (5th Cir. 2012) ("the failure to lodge futile objections does not qualify as ineffective assistance") (quoting *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990)).

Here, the record indicates that counsel did cross-examine Raeshane Wilson on the fact that he was currently in the Bexar County Jail awaiting trial for an unrelated offense against Amanda Otero, as well as Mr. Wilson's prior felony convictions for armed robbery, common law robbery,

and possession of a controlled substance. (ECF No. 10-2 at 44). Trial counsel later explained in his affidavit that he did not further impeach Mr. Wilson with an arrest report because Mr. Wilson was already testifying before an experienced judge wearing inmate clothing and, in counsel's experience, such a report would likely not be admissible or helpful in impeaching Mr. Wilson's credibility. Petitioner has not shown that counsel's understanding of the situation to be incorrect, much less unreasonable.

"A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003). Because counsel's decisions regarding cross-examination were strategic and imminently reasonable, they "will not support an ineffective assistance claim." *United States v. Bernard*, 762 F.3d 467, 472 (5th Cir. 2014) (citation omitted). As a result, petitioner has not shown counsel's performance was deficient. The state court's denial of this claim, therefore, was not an unreasonable application of *Strickland*.

> 4.     Lack of Prejudice

Finally, even if petitioner could establish that counsel's performance in this case constituted deficient performance, he still fails to demonstrate that the alleged errors were prejudicial to his defense. Again, to demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "[A] court assessing prejudice must consider the totality of the evidence before the judge or jury." *Mejia v. Davis*, 906 F.3d 307, 315 (5th Cir. 2018) (quoting *Strickland*, 466 U.S. at 696) (internal quotation marks omitted).

Petitioner has not established that the alleged errors were prejudicial with regard to his guilt because, as the record demonstrates, the State's case was strong and there was substantial corroborated evidence against petitioner. *See Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010) (noting the weight of the evidence of guilt in finding alleged deficient performance of counsel not prejudicial); *Pondexter v. Quarterman*, 537 F.3d 511, 525 (5th Cir. 2008). This evidence includes the testimonies of Raeshane Wilson and Amanda Otero, as well as the corroborating evidence and testimony presented by Officer Jeffery Gallegos who responded to the 911 call.

Because petitioner is unable to establish that counsel's performance was deficient or that he was prejudiced by counsel's alleged errors, the state court's denial of petitioner's IATC allegations was not an unreasonable application of *Strickland*. Federal habeas corpus relief is therefore denied.

## IV.  Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id*. In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484). In other words, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason*,* but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

### V.  Conclusion and Order

After careful consideration, the Court concludes that petitioner's Claim 3 is unexhausted and procedurally barred from federal habeas review. Concerning the remainder of the allegations, petitioner has failed to establish that the state court's rejection of the allegations on the merits during his state habeas corpus proceedings was either (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the petitioner's state trial, appellate, and habeas corpus proceedings. As a result, petitioner's federal habeas corpus petition does not warrant federal habeas corpus relief.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1.      Federal habeas corpus relief is **DENIED** and petitioner Richard Vonzell Hawes's

Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED**

**WITH PREJUDICE**;

2.      No Certificate of Appealability shall issue in this case; and

3.      All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

**It is so ORDERED.**

**SIGNED this 21st day of June, 2024.**

_____
**FRED BIERY**
**UNITED STATES DISTRICT JUDGE**